effect in no wise depend on the power of the superior state or federal courts. The moment a proper petition is filed, and a bond tendered, the act of congress applies in its full force as positive and imperative law to the court of common pleas, and any action taken by that court in contravention of its provisions is illegal. The principal and most obvious of its effects is to oust that court of its jurisdictional power to proceed further in the cause. Hence, any action had in that court after the filing of the petition for removal and the tender of a bond is coram non judice, and void. The demurrer will be sustained, and the plaintiff ordered to proceed in this court.

ROY. The JAMES. See Cases Nos. 7,200 and 7,201.

ROYAL CANADIAN INS. CO. (HUNTER v.). See Case No. 6,909.

ROYAL GEORGE, The (SMITH v.). See Case No. 13,102.

## Case No. 12,098.

### The ROYAL SAXON.

[See Case No. 13,803.]

ROYAL SAXON. The (TAYLOR v.). See Case No. 13,803.

ROYAL SAXON, The (WALL v.). See Case No. 17,093.

ROYALL (UNITED STATES v.). See Cases Nos. 16,201 and 16,202.

ROYER (MORRIS v.). See Case No. 9,835.

## Case No. 12,099.

### The R. P. CHASE.

[3 Ware, 294.] 1

District Court, D. Maine. 1861.

PRACTICE IN ADMIRALTY — COSTS — UNNECESSARY LIBEL.

When two libels are filed where one only is required, costs only in one are allowed. 3 Stat. 19.

[Cited in brief in The Pathfinder, Case No. 10,-797.]

In admiralty.

Mr. Jewett, for libelant.
Mr. Dana, for respondent.

WARE, District Judge. Two libels were filed against this vessel for wages, the first by Waterman, who entered as cook and steward, April 5th, 1860, and served in that capacity at $20 per month until May 20th. At that time he was promoted to that of mate, and served as such until Oct. 4th, 1860. The other by Cunningham, one of the crew,

who shipped Aug. 5, 1860, and served to Oct. 1st, at $16 per month. The proof of their time of service, though not entirely regular, is satisfactory. For the service of Waterman, as mate, there was no agreed price; but that at which it is charged, $30 per month, is not unreasonable and ought to be allowed. The vessel was taken on shares by the master, Capt. Cunningham, he to be at the charge of victualling and manning, and personally answerable to the crew for their wages. But if they were not paid, the men had an undoubted right to look to the vessel. Both the libellants were of unexceptionable character, according to the testimony much above that of ordinary seamen. They did their duty faithfully, and, even if the ship earned nothing for the owners, were entitled to their hire. But it appears, that during their service she was eminently successful. The master being unable to pay them they have resorted to this mode. All fair deductions have been made, and I allow them wages according to the balance: To Waterman, $103.90; to Cunningham, $25.73.

But the principal controversy which arises on these cases, is on a motion with respect to costs. Two libels have been filed when only one can be admitted. This is not the fault of the men. It arose entirely from the act of counsel, and that had its origin in the ignorance of the law, and the practice of the court. Though the counsel are without personal blame, and even without any intention of increasing costs, the law must be executed. By the act of 1790, c. 29, § 6 [1 Stat. 134], seamen are required to join in a libel. What was, by the practice of the court, a mere indulgence, is raised to a positive duty, and by the process act of 1813 (3 Stat. 19), where more than one libel is filed when one only is necessary, costs shall be taxed only on one, and by the order of the court such cases may be ordered to be consolidated. The effect of a consolidation is, that all evidence, relating to a question in which all are interested, shall be taken only once, and be used with respect to all the parties embraced in the libel; but when this is decided the case of each party becomes an independent case and is contested on its own evidence. The costs of one libel only and one seizure are to be taxed on that of Waterman. All the evidence bearing on the general question, in which both libellants are equally interested, are to be taxed on his libel. All the witnesses which were used in support of his libel are to be taxed in that, and all that were exclusively for the support of Cunningham's libel, are to be taxed according to the fee bill.

R. P. NOBLE, The. See Cases Nos. 9,639 and 9,640.

R. R. KIRKLAND, The (DUNSTAN v.). See Case No. 4,181.

1 [Reported by George F. Emery, Esq.]